**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

| | |
|---|---|
| **NOEL BEASLEY, as next friend and natural guardian, on behalf of TAJ AMIR BEASLEY, a minor** | **PLAINTIFF** |
| **VERSUS** | **CIVIL ACTION NO. 2:07cv179KS-MTP** |
| **ALMA MYERS d/b/a MYERS CHILDCARE CENTER; JOHN DOES 1-5, being the actual owner of MYERS CHILDCARE CENTER; and JANE DOES 1-5, being employees of MYERS CHILDCARE CENTER** | **DEFENDANTS** |

## ORDER

This matter is before the court on a Motion to Dismiss Without Prejudice **[#33]** filed on behalf of the plaintiff. The court, having reviewed the motion, the response, the pleadings and exhibits on file and being fully advised in the premises finds that the motion is well taken and should be granted. The court specifically finds as follows:

The plaintiff, Noel Beasley, as next friend and natural guardian of her minor son, Taj Amir Beasley ("Beasley"), filed this personal injury suit against Alma Myers d/b/a Myers Childcare Center ("Myers") in August of 2007 and now seeks, over Myers's objection, to voluntarily dismiss this action without prejudice. Beasley's stated reason for voluntary dismissal is that she claims to have discovered that another was also injured at the same location approximately two weeks prior to the subject events, and that she intends to join her claims with those of the other child in a re-filed action in state court. As stated, the defendant objects to the dismissal asserting that dismissal would allegedly cause Myers plain legal prejudice.

Rule 41(a)(2) of the Federal Rules of Civil Procedure precludes a plaintiff from

dismissing a lawsuit without the court's permission when, as here, the defendant has answered and has not consented to dismissal. A district court's dismissal decision under Rule 41(a)(2) is reviewed on an abuse of discretion standard on appeal. *Hyde v. Hoffman-La Roche, Inc.*, 511 F.3d 506, 508 (5th Cir. 2007). Dismissal without prejudice will generally be affirmed "unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Ikospenpakis v. Thalassic Steamship Agency*, 915 F.2d 176, 177 (5th Cir. 1990). The primary purpose of Rule 41(a)(2) is to "prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Elbaor v. Tripath Imaging, Inc*, 279 F.3d 314, 317 (5th Cir. 2002) (quoting *Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990)).

In *Elbaor*, the Fifth Circuit quoted with approval the four Rule 41(a)(2) factors identified by the court in *Whitzman v. Gross*, 148 F.3d 988, 992 (8th Cir. 1998). *See Elbaor*, 279 F.3d at 318, n.3. Those factors, any one of which standing alone may support denial of a Rule 41 motion, include "(1) the defendant's effort and the expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the defendant." *Whitzman*, 148 F.3d at 992.

In this case, the defendant expressly denies relying on factors 2 and 4, instead asserting that she has gone to excessive effort and expense in preparing for trial and that the plaintiff has offered an insufficient reason for requesting a dismissal.

However, the record reveals only that the plaintiff has propounded two interrogatories and two requests for production of documents to the defendant who, in turn, propounded interrogatories and requests for production of documents to the plaintiff. The defendant submitted her initial disclosures pursuant to the federal rules of

civil procedure, and this court issued its Case Management Order setting trial date of January of 2009.  To this date, however, no depositions have taken place and no substantial document exchange or production has occurred between the parties.  The plaintiff has also recently moved for a stay of discovery pending this court's ruling on the motion filed herein.

The defendant asserts that the plaintiff failed to sufficiently specify why she is entitled to a dismissal in her motion, and why she did not discover the injuries of Ma'Kyden Shamar Bell, the other child, prior to initiation of this suit.  The record reveals that the plaintiff filed this action on August 31, 2007.  Following the defendant's answer and affirmative defenses, the plaintiff subpoenaed any and all records from the Hattiesburg Police Department ("HPD") pertaining to Myers Childcare Center.  The HPD responded to this subpoena and produced voluminous documents pertaining to two separate investigations into alleged injuries occurring at the defendant's business in late January 2008.  Upon review of these documents, the plaintiff proceeded to discover information related to the separate investigation into the injuries of Ma'Kyden Shamar Bell.  In doing so, T'Anna Ash, the mother of Ma'Kyden Shamar Bell, was interviewed and expressed her interest in pursuing legal action against the defendants.

Shortly after meeting with Ms. Ash, and approximately forty-five days after receiving the documents from the HPD, a complaint was filed in the Circuit Court of Forrest County, Mississippi, and the plaintiff moved to dismiss this action without prejudice.  Thus, the plaintiff argues that the defendant's argument that this information should have been "discovered before she filed suit," and that the plaintiff acted "without diligence" is meritless.

The court finds that the plaintiff has acted diligently in pursuing this matter, that the defendant will not suffer undue prejudice and that the plaintiff has stated a sufficient reason for dismissal of this action without prejudice.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Dismiss Without Prejudice **[#33]** filed on behalf of the plaintiff is granted and this matter is dismissed without prejudice and that all other motions are denied as moot.  A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 4th day of April, 2008.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE